**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN NTEH SAMGWAA,<br><br>                                    Petitioner,<br><br>    v.<br><br>TODD BLANCHE, *et al.*,<br><br>                                    Respondents. | Case No. 26-cv-03324-BAS-MSB<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7)** |

Petitioner Christian Nteh Samgwaa filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States. (ECF No. 7.) The Government responded that a bond hearing is appropriate. (ECF No. 10.)  Petitioner filed a Traverse arguing that release under the original conditions of his parole, and not a bond hearing, is the appropriate remedy. (ECF No. 11.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

- 1 -

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of Cameroon, entered the United States on February 19, 2023, seeking asylum. (ECF No. 7.) On February 22, 2023, he was paroled into the United States to enable him to pursue his asylum application. (*Id.*) According to Petitioner, he attended all court hearings and check-in appointments. (*Id.*, Ex. A at ¶ 3.) He received a work permit and a Social Security number. (ECF No. 7.)  He has no criminal history. (*Id.*)

On October 30, 2025, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without notice or an opportunity for Petitioner to be heard. (*Id.*) Petitioner says ICE refused to tell him why he had been re-detained, although ICE later said he had committed a "violation" without specifying what that violation was. (*Id.*) Petitioner received no paperwork, ICE conducted no informal interview, and it was not clear if ICE was revoking his parole and, if so, why. (*Id.*)

After his arrest, Petitioner was transferred from immigration custody in Maryland to New Jersey, Texas, Louisiana, and Florida. (*Id.*) In Florida, an Immigration Judge ordered Petitioner removed, but Petitioner has filed an appeal of the order, which is currently pending. (*Id.*)  He was then transferred to immigration custody in the Southern District of California. (*Id.*)

The Government now responds that ICE detained Petitioner for failure to appear at two of his check-in appointments. (ECF No. 10.) However, the Government provides no proof supporting this allegation that would counter Petitioner's claim that he appeared at all immigration appointments. (ECF No. 7, Ex. A at ¶ 3.) There is no dispute that Petitioner did appear for an immigration appointment on October 30, 2025, after receiving notice of

26cv3324

this check-in appointment the day before. (ECF No. 7.)  Petitioner seeks immediate release on the same conditions as his previous parole.

## III.    ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in February 2023, Petitioner is entitled to remain released on the same conditions as he was initially released. Although the Government claims that circumstances have changed—namely, that Petitioner missed two check-in appointments—the Government provides no proof that this is the case. And Petitioner files a declaration indicating that he attended all immigration check-ins and appointments. (ECF No. 7, Ex. A at ¶ 3.) If ICE believes circumstances have changed, it must provide notice of these

26cv3324

changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Petitioner Christian Nteh Samgwaa (A# 246-572-927) be released on the same terms and conditions as he was previously released in February 2023.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: June 25, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 4 -

26cv3324